IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BLAINE SCOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION |
| ) | Case No. 09-CV-2591-KHV |
| POWER PLANT MAINTENANCE ) | |
| SPECIALISTS, INC., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's Motion For Judgment Of Default (Doc. #8) filed January 21, 2010, Plaintiff's Motion For Judicial Entry Of Default, Or In The Alternative, Leave To Submit Application For Entry Of Default (Doc. #19) filed March 15, 2010 and defendant's Motion For Leave To File Amended Answer Out Of Time (Doc. #14) filed March 1, 2010. For the reasons stated below, the Court sustains defendant's motion and overrules plaintiff's motions as moot.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 16, 2009, plaintiff brought this diversity suit against Power Plant Maintenance Specialists, Inc. ("PMSI") alleging worker's compensation retaliation under Kansas law. See Complaint (Doc. #1). On December 29, 2009, Richard G. Engel, principal and corporate counsel of PMSI, filed a one-page answer which generally and specifically denied plaintiff's claims. See Doc. #4. The next day, Magistrate Judge James P. O'Hara ordered PMSI to show cause by January 15, 2010 why its answer should not be stricken because (1) the Court does not permit corporate defendants such as PMSI to proceed pro se and Mr. Engel is not admitted to practice in this Court and (2) plaintiff did not comply with Rule 8, Fed. R. Civ. P. See Doc. #5. PMSI did not

respond and on January 21, 2010, Judge O'Hara ordered its answer stricken and directed plaintiff – by February 4, 2010 – to a file a motion for default judgment or show cause why the Court should not dismiss the case for lack of prosecution under Rule 41(b), Fed. R. Civ. P. See Doc. #7. Plaintiff filed the pending Motion for Default Judgment (Doc. #8) on January 21, 2010.

On January 28, 2010, PMSI – through local counsel – moved for additional time to respond to plaintiff's motion for default judgment. On March 1, 2010, PMSI moved to file an amended answer out of time and responded to plaintiff's motion for default. In doing so, PMSI correctly noted that despite Judge O'Hara's order, Fed. R. Civ. P. 55 obligates plaintiff to apply for and obtain an entry of default before filing a motion for default judgment. Plaintiff responded by filing Plaintiff's Motion For Judicial Entry Of Default, Or In The Alternative, Leave To Submit Application For Entry Of Default (Doc. #19) on March 15, 2009.

In support its motion for leave to amend and in opposition to plaintiff's motion for default judgment, PMSI presents affidavit testimony from Richard Engel, corporate counsel, founder and principal of PMSI; and J. Alexandra Baretto, Vice President of PMSI. See Docs. #15-1, 15-2.

After being served with the summons and complaint, PMSI sought Kansas counsel and on December 22, 2009 spoke with Kansas attorneys Michael Wilson and Jose Hurlstone-Peggs. Though PMSI ultimately did not retain either attorney, one of them prepared the answer which Engel timely filed on PMSI's behalf. Engel mistakenly believed that because he was licensed to practice in federal court in California, he could file the answer in the District of Kansas.

On December 30, 2009, the Court ordered PMSI to show cause why its answer should not be stricken and mailed the order by certified mail to Engel. PMSI's lead administrative assistant, Kathy Tague, signed the certified mail receipt on January 4, 2010. Instead of delivering it to Engel, however, she put the order on Barretto's desk with other mail. Baretto was out of the office from

December 24, 2009 through January 4, 2010 and when she returned she found a stack of items – including the order – on her desk. She did not pay close attention to the order because it was addressed to Engel and she assumed it merely confirmed that the Court had received the answer which Engel had filed. She also assumed that PMSI's insurer, whom she had notified about the case, was handling the dispute. Because of these misunderstandings, Barretto believed that she did not need to do anything further.

On January 26, 2010 PMSI received copies of the court order striking its answer and plaintiff's motion for default judgment. Barretto immediately knew that something was wrong and contacted PMSI's insurer to resolve the situation. PMSI and its insurer then contacted attorneys Wyatt Wright and Toby Crouse, who on January 28, 2010 (1) sought and obtained permission from plaintiff's counsel to file an unopposed motion for extension of time to respond to his motion; (2) entered their appearances on PMSI's behalf; and (3) filed a motion for extension of time, which the Court granted. On March 1, 2010, PMSI filed its opposition to plaintiff's motion for default judgment together with a motion for leave to file an amended answer out of time.

## **ANALYSIS**

I.  Motion For Leave To File Amended Answer Out Of Time

Under Rule 6, Fed. R. Civ. P., PMSI seeks leave to file an amended answer out of time.[1] Specifically, PMSI alleges that through excusable neglect, it failed to timely respond to the Court's order to show cause of January 21, 2010. The parties agree that to determine whether neglect is excusable, the Court considers (1) the danger of prejudice to the opposing party, (2) the length of delay caused by the neglect and its impact on judicial proceedings, (3) the reason for delay and

---

[1] Fed. R. Civ. P. 6(b)(1)(B) provides in part as follows: "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."

-3-

whether it was in the reasonable control of the moving party and (4) the existence of good faith on the part of the moving party. Hamilton v. Water Whole Intern. Corp., 302 Fed. Appx. 789, 798 (10th Cir. 2008) (citing U.S. v. Torres, 372 F.3d 1159, 1162 (10th Cir.2004)). The reason for delay is an important, if not the most important, factor in this analysis. Id. (citing Torres, 372 F.3d at 1163).

### A. Prejudice To Plaintiff

PMSI argues that plaintiff will not be prejudiced if the Court allows it to file an out-of-time answer. In support of this factor, PMSI points out that the conduct underlying plaintiff's complaint occurred less than one year ago and relevant evidence is therefore fresh in witnesses' minds. PMSI also notes that the case is at an early stage and that its delay in filing the amended answer does not prejudice plaintiff. In support of this factor, PMSI cites Lewis v. Sprint Nextel, No. 08-2458-JAR-JPO, 2008 WL 5263782, at *1 (D. Kan. Dec. 5, 2008) (one-month delay between original answer date and motion not prejudicial, particularly when no scheduling order entered). Plaintiff does not argue that he will be prejudiced if the Court grant's plaintiff's motion, and the Court agrees that plaintiff will not be prejudiced. This factor therefore weighs in favor of PMSI.

### B. Length Of Delay And Impact On Judicial Proceedings

Less than two months passed between the date the Court ordered PMSI to show cause and the date PMSI filed a motion asking for leave to answer out of time. In support of this factor, PMSI cites Welch v. Centex Home Equity Co., LLC, No. 03-2132-JWL-DJW, 2004 WL 2348295, at *1 (D. Kan. Apr. 23, 2004) (two-month delay between original answer deadline and plaintiff's request for leave to file answer out of time "relatively innocuous"). Plaintiff does not argue that this delay is lengthy or will impact judicial proceedings, and the Court agrees that because no scheduling order has been entered, this relatively short delay will have minimal impact. This factor therefore weighs

in favor of PMSI.

### C. Reason For The Delay And Whether It Was In PMSI's Control

PMSI asserts that the employee errors which caused its default constitute excusable neglect. Two employees mishandled the order after it arrived at PMSI by certified mail. First, Tague delivered it to Baretto instead of Engel. Second, Baretto failed to read or properly respond to the order. PMSI cites Consol. Mktg. Corp. v. Frontier Commc'ns. Intern., Inc., 95-2403-KHV, 1996 WL 225198, at *2 (D. Kan. Mar. 19, 1996), for the proposition that while inadvertence is usually insufficient justification for failing to comply with a deadline, a district court does not abuse its discretion when granting leave to file out of time when the delay occurs because of carelessness instead of bad faith. PMSI acknowledges that the mistakes were within its control to avoid, but notes that its mistake was just that – a careless mistake not taken in bad faith.

Plaintiff counters that PMSI has not demonstrated excusable neglect because it had the ability to read the show cause order, which was properly delivered by certified mail. Plaintiff cites Lewis v. Herrman's Excavating, Inc., 200 F.R.D. 657, 660 (D. Kan. 2001), for the proposition that excusable neglect does not occur when a party has control over its participation in a lawsuit. Plaintiff argues that because PMSI had the ability to read and respond to the order, it has not demonstrated excusable neglect.

In the Tenth Circuit, inadvertence, ignorance of the rules, and mistakes construing the rules do not constitute excusable neglect for purposes of Rule 6(b). Quigley v. Rosenthal, 427 F.3d 1232, 1238 (10th Cir. 2005) (citing Pioneer Inv. Servs. v. Brunswick Assoc., 507 U.S. 380, 392 (1993)). Inadvertent delays in filing, however, can qualify as excusable neglect. See Griffin v. Suthers, 156 Fed. Appx. 66, 72 (10th Cir. 2006) (citing Pioneer, 507 U.S. at 391-92). Further, the concept of "excusable neglect" is elastic and is not limited strictly to omissions beyond the control of the

movant. Pioneer, 507 U.S. 380 at 392.

In a recent opinion from this district, Judge Bostwick notes that myriad opinions, which can be difficult to reconcile, address the definition and application of "excusable neglect" across a variety of rules and statutes. Espy v. Mformation Techs., No. 09-2211-EFM, 2009 WL 2912506, at *11 (D. Kan. Sept. 9, 2009) (collecting cases). Generally, courts are more forgiving of missed deadlines caused by clerical calendaring errors, mathematical miscalculations of deadlines and mishandling of documents. See, e.g., Brown v. Fisher, 251 Fed. Appx. 527, 533 (10th Cir. 2007) (excusable neglect where complaint delivered to administrative assistant not authorized to accept on defendant's behalf); Hancock v. City of Okla. City, 857 F.2d 1394, 1396 (10th Cir. 1988) (excusable neglect where counsel overlooked summary judgment motion delivered in stack of other documents); Espy, 2009 WL 2912506 at *11 (excusable neglect when paralegal did not check certificate of service for admission requests delivered by hand and erroneously added three days when calendaring response deadline); see also Law v. Bd. of Trs. of Dodge City Cmty. Coll., 08-1212-JTM-DWB, 2008 WL 5120037, at *2 (D. Kan. Nov. 26, 2008) (excusable neglect, barely, when counsel timely dictated discovery responses which were not timely typed because of staffing issues); Akright v. Flex Fin. Holding Co., No. 08-2038-CM-GLR, 2008 WL 1958345, at *2 (D. Kan. May 2, 2008) (allowing answer out of time when defendant failed to answer because it believed insurance carrier had secured legal representation).

In contrast, courts are less forgiving when missed deadlines occur because of poor lawyering, e.g., where counsel misconstrues or misinterprets the rules or law or makes poor tactical decisions. See Sizemore v. State of New Mex. Dept. of Labor, 182 Fed. Appx. 848, 852-53 (10th Cir. 2006) (no excusable neglect where counsel ignored deadline, erroneously relied on Rule 6 to calculate deadline, failed to meet deadline and failed to seek extension immediately upon receiving defendant's motion); Quigley, 427 F.3d at 1238 (no excusable neglect where counsel mistakenly

construed rule and failed to timely seek attorneys' fees); Ghamrawi v. Case & Assocs. Props. Inc., 116 Fed. Appx. 206, 210 (10th Cir. 2004) (no excusable neglect where counsel knew about but disregarded deadline because of workload); Torres, 372 F.3d at 1063 (no excusable neglect where counsel confused deadlines for civil and criminal appeals); Almond v. Unified Sch. Dist. #501, No. 07-4064-JAR, 2008 WL 1773863, at *4 (D. Kan. Apr. 16, 2008) (no excusable neglect where counsel missed deadline because of workload and failed to explain what caused error in calculating response date); Herrman's Excavating, 200 F.R.D. at 660 (no excusable neglect where counsel missed deadline because of tactical decision); but see Sloan v. Overton, 08-2571-JAR, 2010 WL 398108, at * 8 (D. Kan. Jan. 25, 2010) (excusable neglect where counsel believed appointment of special administrator to receive service of process was legally sufficient to effect substitution).

Here, PMSI employees mishandled the order to show cause and the error falls within the category of "excusable neglect." Factually, its errors most closely parallel the mistake in Hancock, where counsel overlooked a motion for summary judgment which she received with other documents. Hancock, 857 F.2d at 1395-96. Accordingly, the Court finds that this factor weighs in favor of PMSI.

### D. Whether Movant Acted In Good Faith

PMSI testifies that its actions were all in good faith. Engel believed that the answer which he filed was permissible and he did not learn it had been stricken until he spoke with counsel representing PMSI. PMSI did not timely respond to the order to show cause because of internal office confusion. Upon discovering it, PMSI acted quickly to remedy the oversight. Plaintiff does not argue that PMSI acted in bad faith. The Court agrees that the record shows no evidence of bad faith by PMSI. This factor therefore weighs in favor of PMSI.

For these reasons, the Court finds that PMSI has met its burden to show excusable neglect and sustains its motion for leave to file an amended answer out of time.

II.   Motions For Default Judgment And Entry of Default

Because the Court sustains plaintiff's motion for leave to file an amended answer, plaintiff's motions for default are effectively moot. Under Rule 55(c), the "good cause" required to set aside an entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Rule 60(b). See Clelland v. Glines, No. 02-2223-KHV, 2003 WL 21105084, *3 (D. Kan. Apr. 11, 2003) (citing Dennis Garberg & Assocs., Inc. v. Pack Tech Int'l Corp., 115 F.3d 767, 775 n.6 (10th Cir. 1997)).[2] The Court has already found that PMSI's failure to respond to the order to show cause constituted "excusable neglect" within the meaning of Rule 6(b), and it therefore concludes that PMSI meets the "good cause" standard required under Rule 55(c).[3]

Accordingly, for substantially the reasons set forth above, the Court overrules plaintiff's motion for default judgment and entry of default.

**IT IS THEREFORE ORDERED** that defendant's Motion For Leave To File Amended Answer Out Of Time (Doc. #14) filed March 1, 2010 be and hereby is **SUSTAINED.** On or before May 15, 2010, defendant shall file its amended answer to plaintiff's complaint.

**IT IS FURTHER ORDERED** that plaintiff's Motion For Judgment Of Default (Doc. #8)

---

[2] The principal factors for setting aside an entry of default under Rule 55(c) are (1) whether the default resulted from culpable conduct by defendant, (2) whether plaintiff would be prejudiced if the default should be set aside and (3) whether defendant has presented a meritorious defense. Clelland, 2003 WL 21105084, at *3. These factors are not "talismanic" and the Court may consider other factors. Id. at 184. The standard for setting aside an entry of default under Rule 55(c) is fairly liberal because "[t]he preferred disposition of any case is upon its merits and not by default judgment." Gomes v. Williams, 420 F.2d 1364, 1366 (10th Cir. 1970).

Further, plaintiff cannot proceed directly to default judgment under Rule 55(b) before receiving an entry of default under Rule 55(a). See Kelly v. Wilson, No. 09-2188-KHV, 2009 WL 3122519, at *1 (D. Kan. Sept. 29, 2009).

[3] The Tenth Circuit construes "excusable neglect" similarly under Rules 6(b) and 60(b). See, e.g., Torres, 372 F.3d at 1163 (collecting cases construing excusable neglect under various rules including Rules 6(b) and 60(b)).

filed January 21, 2010 and Plaintiff's Motion For Judicial Entry Of Default, Or In The Alternative, Leave To Submit Application For Entry Of Default (Doc. #19) filed March 15, 2010 be and hereby are **OVERRULED**.

Dated this 10th day of May, 2010 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge